# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WORLD AWARD FOUNDATION, *et al.*, )
                                        )
      Plaintiffs,               )
                                          )       Consolidated
    v.                              )       C.A. No. N19J-05055
                                          )
AN BANG INSURANCE GROUP     )
CO., LTD., *et al.*,                    )
                                          )
      Defendants.            )

Date Submitted:    February 28, 2020
Date Decided:      June 9, 2020

## ORDER

Upon consideration of the Motion to Withdraw of Stamatios Stamoulis and Stamoulis & Weinblatt LLC ("Movants"),[1] Defendant Anbang Insurance Group Co., Ltd.'s ("Dajia") Opposition thereto,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     Movants initiated six judgment enforcement actions in the Superior Court on behalf of Plaintiffs World Award Foundation Inc., Amer Group LLC, An Bang Group LLC, and AB Stable Group LLC (collectively, "Plaintiffs") based on a purported Court of Chancery judgment.[3] Those six actions are captioned *World*

---

[1] Mot. Withdrawal (Trans. ID. 64642344); Reply Br. (Trans. ID. 64649799).

[2] Opp'n (Trans. ID. 64647614).

[3] *See World Award Found., Inc., et al. v. Anbang Ins. Grp. Co., Ltd., et al.*, C.A. No. 2019-0605-JTL (the "Court of Chancery Action").

*Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J05055, filed October 24, 2019; *World Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J-05253, filed November 1, 2019; *World Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J-05458, filed November 8, 2019; *World Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J-05868, filed December 10, 2019; *World Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J-06026, filed December 16, 2019; and *World Award Found. v. An Bang Ins. Grp. Co. Ltd.*, No. N19J-06027, filed December 16, 2019 (collectively, the "Six Delaware Superior Court Actions").[4]

2.      On January 15, 2020, the Court of Chancery issued an order stating that, "[n]o arbitration award or judgment involving any of [Plaintiffs] has been entered, confirmed or deemed confirmed by [the Court of Chancery]."[5]  Because Plaintiffs used the purported Court of Chancery judgments to enforce judgment in the Six Delaware Superior Court Actions, the Court of Chancery's Order requested that the Prothonotary or presiding judge of the Delaware Superior Court "vacate any and all purported judgments in the Six Delaware Superior Court Actions (including any such judgments appearing on the judgment docket)."[6]

---

[4] By Order dated February 10, 2020, the Court consolidated the Six Superior Court Actions into C.A. No. N19C-05055 JRJ (Trans. ID. 64708689).
[5] Court of Chancery Action (Trans. ID. 64623508).
[6] *Id.*

3. On January 21, 2020, having considered the January 15, 2020 Court of Chancery Order, this Court entered an order vacating "any and all purported judgments" in the Six Delaware Superior Court Actions pursuant to Superior Court Civil Rule 60(b)(3).[7]

4. That same day, Movants moved to withdraw as counsel for Plaintiffs (the "Motions to Withdraw") in the Six Delaware Superior Court Actions. The Motions to Withdraw are substantially identical to Movants' Motion to Withdraw filed in the Court of Chancery Action,[8] which Vice Chancellor Laster granted in part, allowing a partial withdrawal subject to certain conditions.[9] Having determined there was "reason to believe that Movants may have assisted [Plaintiffs] in carrying out their fraud" and "reason for concern that [Plaintiffs were] foreign companies who [did] not intend to participate in [the] proceedings or to comply with any orders from the court," the Court of Chancery required Movants to remain as counsel of record for the sole purpose of acting as an "informational intermediary" between Plaintiffs and Defendants.[10]

5. On May 12, 2020, Vice Chancellor Laster determined that the utility of Movants' role as an informational intermediary no longer served its purpose, and

---

[7] Order Vacating Judgments (Trans. ID. 64642345).
[8] Court of Chancery Action (Trans. ID. 64581513).
[9] Court of Chancery Action, Jan. 8, 2020 Order (Trans. ID. 64597121).
[10] *Id.* ¶¶ 4–5, 9.

entered an order relieving Movants of their status as an informational intermediary between Plaintiffs and Defendants.[11]

6. Movants seek to withdraw as Plaintiffs' counsel in the Six Delaware Superior Court Actions because: (1) Plaintiffs terminated Movants as their counsel on January 7, 2020;[12] (2) Movants have had difficulty communicating with Plaintiffs;[13] and (3) Movants' representation of Plaintiffs could potentially violate the Rules of Professional Conduct.[14]

7. Having assisted Plaintiffs by filing the judgments, Movants argue they now have a conflict of interest. To the extent that Movants wish to defend their own interests by showing that they acted innocently and relied on their clients, their interests are adverse to those of their clients. Movants have established grounds to withdraw under Delaware Lawyers' Rules of Professional Conduct 1.2(d) and 1.16. However, the threat of prejudice to Dajia and the interests of justice require that withdrawal be granted on certain conditions.

8. Therefore, the Motion to Withdraw is **GRANTED** subject to the following conditions:

---

[11] Court of Chancery Action, May 12, 2020 Order ¶¶ 5–6 (Trans. ID. 65631715) (explaining that the Defendants now have the contact information for the forwarding counsel who retained Movants as Delaware counsel and Movants have provided discovery to Defendants about their communications with Plaintiffs).

[12] January 29, 2020 Hearing Transcript ("Hr'g Tr.") 8:19-22 (Trans. ID. 64688985).

[13] Hr'g Tr. 28:8-14, 28:23-29:1-5.

[14] Mot. Withdrawal ¶ 3; Reply Br. ¶ 17.

a.     Movants are relieved of all obligations as counsel of record to Plaintiffs.

b.     Movants shall remain involved in the case for the purposes of: (i) responding to any discovery directed to Movants on their own behalf; and (ii) responding to any motions or other filings (including those issued *sua sponte* by the Court) directed to Movants on their own behalf.  Movants shall arrange to be identified as interested parties for purposes of eFiling in this action.

c.     Movants shall provide Plaintiffs with a copy of this Order.

d.     To the extent not already provided in the Court of Chancery Action, Movants shall provide Dajia with the current mailing address(es) and contact information of Plaintiffs.

e.     Plaintiffs shall retain successor counsel who shall enter an appearance in this action by July 9, 2020.[15]  If successor counsel does not enter an appearance by that date, Plaintiffs shall be in default for failure to appear for purposes of Superior Court Civil Rule 5(a).

f.     For so long as Plaintiffs are in default for purposes of Rule 5(a), service may be made upon Plaintiffs in this action by any of the following methods: (i) by mail, with such service to be effective upon mailing, (ii) by email to

---

[15] On February 25, 2020, Movants informed the Court that Plaintiffs retained successor counsel who is performing diligence to determine if it will appear in this action on behalf of Plaintiffs. (Trans. ID. 64758420).

5

Steve@nielsenpatents.com and mikemartintiger@gmail.com, with service to be effective upon the sending of such email, or (iii) pursuant to 8 *Del. C.* § 321, 10 *Del. C.* § 3111, and/or 6 *Del. C.* § 18-105.

**IT IS SO ORDERED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

cc: Prothonotary